## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| JEOVANEE GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No.: |
| ) | |
| ) | |
| AMPY ENTERPRISE, D/B/A McDonalds, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Jeovanee Gonzalez (hereinafter "Plaintiff" or "Gonzalez"), by and through his counsel, Spielberger Law Group, 4890 W. Kennedy Blvd. Ste. 950, Tampa, FL 33609, (800) 965-1570 and files his Complaint against Defendant AMPY Enterprises d/b/a McDonalds (hereinafter "Defendant" or "McDonalds") and in support states the following:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA").

2. This is an action to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of his disability leading to his unlawful termination.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff was a citizen of the United States, and was at all times relevant, a citizen of the State of Florida, residing in Miami Dade County, Florida.

6. Defendant, McDonalds, is a Foreign For-Profit Corporation with its principal place of business located at 5615 NW 74th Avenue, Miami, Florida 33166 an individual location of business at 3280 Coral Way, Miami, Florida 33145.

7. Defendant is a covered employer under the ADA.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On July 27, 2020 Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination and retaliation.

10. Plaintiff's EEOC charge was timely filed within three hundred days after the alleged unlawful employment practices occurred.

11. On June 27, 2022, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

## **FACTUAL ALLEGATIONS**

12. Plaintiff began working for Defendant on or about April 19, 2020 as a Crew Member.

13. At all times relevant, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

14. Plaintiff notified Shift Manager, Adriana Guerra, that he suffers from a qualifying disability as defined by the ADA.

15. Plaintiff informed Ms. Guerra that he was not feeling well due to his disabilities (HIV/Epilepsy) and requested to step outside briefly to take his medication.

16. Upon notifying Defendant of his disabilities, Defendant failed to engage Plaintiff in the interactive process. Instead, Ms. Guerra immediately backed away from Plaintiff, visibly shocked after learning of Plaintiff's diagnoses and instructed him to go home for the day.

17. Ms. Guerra further stated a member of Defendant's management would be in contact with Plaintiff.

18. The following day, Plaintiff spoke with owners, Kristina Montes and Jose Montes, who directed Plaintiff not to return to work for the remainder of the week.

19. Mr. Montes summoned Plaintiff to meet with him on Monday, April 27, 2020.

20. During the April 27, 2020, meeting Defendant, and specifically Mr. Montes, terminated Plaintiff. Mr. Montes explained Plaintiff was terminated because *"someone with HIV cannot work in food service."*

21. Plaintiff's termination was in retaliation for his protected activity and due to the disclosure of his disabilities.

22. On May 4, 2020 Plaintiff received a termination letter in the mail from Defendant.

23. Following Plaintiff's termination, Defendant forged his signature on an alleged resignation notice dated May 8, 2020 in an attempt to cover its discriminatory acts.

24. Plaintiff has suffered damages as a result of Defendant's illegal conduct.

25. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

### Count I: Disability Based Discrimination in Violation of the ADA

26. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25 above.

27. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

28. Plaintiff was able to perform the essential functions of his job at the time of his termination.

29. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

30. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

31. Plaintiff has been damaged by Defendant's illegal conduct.

32. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

33. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

34. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count II: Failure to Accommodate in Violation of the ADA

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25 above.

36. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

37. Defendant was aware of Plaintiff's disability.

38. Defendant failed to accommodate Plaintiff's disability.

39. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

40. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

41. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: Retaliation in Violation of the ADA

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25 above.

43. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

44. Defendant's conduct violates the ADA.

45. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

46. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

47. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein. Dated: August 15, 2022

Respectfully Submitted:

*/s/ Lisa Scheibly*
Lisa Scheibly
Florida Bar No.: 1010110
**SPIELBERGER LAW GROUP**
4890 W. Kennedy Blvd., Suite 950
Tampa, FL 33609
Telephone: (800) 965-1570
Facsimile: (866) 580-7499
Lisa.Scheibly@spielbergerlawgroup.com

*Attorneys for Plaintiff*

6